FRANK H. HAMMILL vs. BARBARA A. ANDERSON et al.

JUNE 28, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  Wills.  Construction.  Intestacy.

Courts will construe a will so as to avoid partial intestacy if such construction appears reasonable and natural.  In the absence of convincing evidence to the contrary it is to be presumed that a testator intends to dispose of his whole estate and that he does not intend to die intestate as to some portion thereof.

(2)  Wills.  "Inure."

Testamentary provision "After paying all my just debts . . . it is my will that all my estate . . . whether real personal or mixed . . . shall inure to X."

Held, that beneficiary took an absolute estate in the property.

(3)  Wills.

A will was probated in 1907 and the executor qualified and died in 1918 without having administered the estate.  The will provided for the conversion of the real estate into cash provided a stipulated price could be obtained and the proceeds deposited at interest until the beneficiary attained the age of 16 years.  On bill for construction of will and for instructions as it appeared that the real estate could not be sold for the stipulated price, and beneficiary had already attained the age of 16 years, the administrator is advised not to make sale of the estate.

(4)  Wills.  Inconsistent Clauses.

Where a will in the 2nd paragraph disposes of all the estate and in a later paragraph provides for a payment to be expended on a burial lot, it was the intention of testator that such later expenditure should be made.

(5)  Wills.  Construction.

Where a will in one paragraph disposed of all the estate for the benefit of a young child who appeared to be the main object of testator's bounty and in a later paragraph provided that "the rest and residue of income shall be expended for clothing schooling and incidental expenses " or as the executor might see fit—the executor being the father of the child,—the intent is clear that such income should be spent for the benefit of the child.

BILL IN EQUITY for construction of will and instructions. Certified under Gen. Laws, cap. 289, § 35.

RATHBUN, J.   This is a bill in equity brought by Frank H. Hammill, d. b. n. c. t. a. of Lyman B. Bosworth for construction of certain provisions of the will.   The case is

certified to this court in accordance with Sec. 35, Chap. 289, G. L. 1909. Respondents Barbara A. Anderson, Barbara Anderson Church, Dorothy Barbara Anderson, a minor, and the town of Bristol are the only persons interested in the administration of the estate of said Lyman B. Bosworth. Each' respondent was duly served with subpœna. Respondents Barbara A. Anderson and Barbara Anderson Church each has filed an answer admitting the allegations in the bill and claiming a legacy of two hundred dollars. Respondent Dorothy Barbara Anderson appears by her guardian ad·litem and files an answer claiming the whole estate.

Immediately after the cause was argued in this court the town of Bristol by its treasurer entered an appearance and stipulated that it did not care to be heard upon the merits of said cause. The treasurer also filed a certified copy of a vote of the town council of said town authorizing its treasurer to make the above stipulation.

The portions of the will material for our consideration are as follows: "After paying all my just debts, funeral expenses and expenses incurred in settling my estate, it is my will that all my estate which I may die seized and possessed of, whether real, personal and mixed, whether ever the same may be found, shall inure to my beloved granddaughter in law, Doroth Barbara Anderson, daughter of Robert H. Anderson (and Mary F. Anderson, lately deceased).

"It is my will that all the estate which I may die seized and be possessed of be sold as soon as may be convenient to my executor, hereinafter named. The property on the north side of Church street to be sold for not less than ($3000.00) three thousand dollars, the property on Juniper Hill Lane for not less than ($1400.00) fourteen hundred dollars, and the proceeds arising from such sales, after paying debts heretofore mentioned, shall be deposited by my executor as he may deem best in some paying institution at not less than four per cent per annum, and there remain

until my granddaughter in law, Doroth Barbara Anderson, shall have attained the age of sixteen years. But if my said granddaughter in law should not attain the age of (16) sixteen years, it is my will to my executor, that after paying the legacies hereinafter named, to wit; Mrs. Barbara A. and Miss Barbara A. Anderson, grandmother and aunt of my beloved granddaughter in law, Doroth Barbara, the sum of two hundred dollars each.

"It is further my will that the sum of ($200.00) two hundred dollars be expended on the burial lots of my family in the North Cemetery, situated in the town of Bristol.

"It is further my will that the rest and residue of income shall be expended by my executor, hereinafter named, for clothing, schooling and incidental expenses, or as he may see fit."

Testator was accustomed to refer to Dorothy Barbara as his "granddaughter in law, Doroth".

The testator deceased on the 29th day of September, 1906, and his will was admitted to probate by the Probate Court of the town of Bristol. Robert H. Anderson, who was named as executor in said will, duly qualified as executor but died on the 24th day of June, 1918, without having administered said estate. On the 16th day of September, 1918, the complainant was duly appointed administrator *d. b. n. c. t. a.* of said estate.

The estate consisted of a small amount of personalty and two parcels of real estate situated in said town of Bristol, described as follows: Eleven house lots upon Juniper Hill Lane and a house and lot on the north side of Church street. The complainant has by order of said probate court sold, for the purpose of paying testator's debts, the house and lot on the north side of Church street. The complainant represents that "He has paid the debts of said estate except expenses of administration and now has funds in his hands sufficient to pay the expense of administration and the legacies provided in said will if this court shall determine said legacies to be due and payable."

Subsequent to the making of said will the testator entered into a contract to sell two of said house lots on Juniper Hill Lane for $100 and received as a part of the purchase price the sum of $20. The person contracting to purchase said lots never received a deed but has been ready and willing at all times to accept a deed and pay the balance of the purchase price. Dorothy Barbara Anderson is now more than sixteen years of age.

The parties agree "that the value of said Juniper Hill Lane property at the time of the testator's death was and is now much less than $1400, and that it would be impossible for the complainant to sell said property for the sum named in said will."

The complainant prays that he may be instructed:

"1. Whether or not the estate above described would under the second paragraph of said will pass as a fee simple estate to Doroth Barbara Anderson alias, or whether Doroth Barbara Anderson alias would take only a life interest in said estate; and what is the meaning and construction to be given to the word 'inure'.

"2. Whether or not your complainant under the authority set forth in paragraph three of said will could sell at private sale or public auction the property on Juniper Hill Lane for a sum less than Fourteen Hundred ($1400) Dollars.

"3. Whether Doroth Barbara Anderson having now attained the age of sixteen years your complainant can pay to said Doroth Barbara Anderson or her guardian the balance of the proceeds of said sale.

"4. Whether Doroth Barbara Anderson having now attained the age of sixteen (16) years Mrs. Barbara Anderson and Mrs. Barbara A. Anderson Church are entitled to the legacies mentioned in said will.

"5. Whether or not your complainant can legally expend the sum of Two Hundred ($200) Dollars on the burial lots of the family of said Lyman B. Bosworth in the North Cemetery situated in the Town of Bristol and owned by the respondent the said Town of Bristol.

"6.    What is the meaning of the clause of said will wherein it is provided that the rest and residue of income shall be expended for clothing, schooling and incidental expenses as he may see fit."

Under the second paragraph of the will does Dorothy Barbara Anderson take the real estate in fee simple and an absolute estate in the personalty or does she take merely a life estate?    If she takes a life estate only, the remainder is intestate estate.    Courts will construe a will so as to avoid partial intestacy if such construction appears reasonable and natural.    In the absence of convincing evidence to the contrary it is to be presumed that a testator intends to dispose of his whole estate and that he does not intend to die intestate as to some portion thereof.    *Woodward* v. *Congdon*, 34 R. I. 316; *Staples* v. *D'Wolf*, 8 R. I. 74; *Pell* v. *Mercer*, 14 R. I. 412; *Smith* v. *Greene*, 19 R. I. 558; *Fiske* v. *Fiske*, 26 R. I. 509; *Cook* v. *Cook*, 35 R. I. 342; *Hazard* v. *Stevens*, 36 R. I. 90.

The second paragraph of the will reads as follows: "After paying all my just debts, funeral expenses and expenses incurred in settling my estate, it is my will that all my estate which I may die seized and possessed of, whether real, personal and mixed, whether ever the same may be found, shall inure to my beloved granddaughter in law, Doroth Barbara Anderson, daugher of Robert H. Anderson (and Mary F. Anderson, lately deceased.)"

The word "inure" has been defined to mean "to serve to the use, benefit or advantage of a person." 2 Words & Phrases, 2d series, 1184.    See *Morris* v. *Potter*, 10 R. I. 58.

Section 14, Chap. 254, G. L. 1909, provides that "Whenever any real estate shall be devised without words of limitation, such devise shall be construed to pass the fee-simple or other the whole estate or interest which the testator had power to dispose of by will in such real estate, unless a contrary intention shall appear by the will." No "contrary intention" does "appear by the will."    In *Atkinson* v. *Staigg*, 13 R. I. 727, this court referring to the above

statute said: "We are, however, of opinion that under our statute the intention to give less than the whole estate of which the testator was seized must distinctly and with reasonable certainty appear from the terms of the will."

Irrespective of the statute it is well settled that words of inheritance are not necessary in a will to pass an estate in fee simple. *Waterman* v. *Greene*, 12 R. I. 483. A devise of "all my estate" will in the absence of language showing a contrary intention pass whatever estate the testator has. If he has a fee, as did this testator, a fee will pass. The language "all of my estate" means all the right, title and interest which the testator had in and to the devised real estate. *Waterman* v. *Greene, supra; Arnold* v. *Lincoln*, 8 R. I. 384.

(3) The will was executed March 22, 1904, more than sixteen years ago. The testator deceased September 29, 1906. The will was probated April 16, 1907. The executor was the father of said Dorothy and deceased September 16, 1918. The testator desired his real estate to be turned into cash, providing the price stipulated by him could be obtained, and the proceeds deposited "in some paying institution" and there remain at interest at a rate not less than four per cent per annum until Dorothy should attain the age of sixteen years. It is impossible to sell the real estate for the price fixed by the testator and if this were possible it is now too late to carry out the testator's instruction to deposit the proceeds "in some paying institution at not less than four per cent per annum, and there remain until . . . Doroth . . . shall have attained the age of sixteen years," as Dorothy has already attained the age of sixteen years. One parcel of real estate has been sold by order of the probate court and the testator's debts have been paid and there now appears to be no reason for selling the remaining real estate, consisting of eleven house lots two of which the testator in his lifetime contracted to sell for $50 each and received a part of the purchase price.

It is clear that the bequests to Mrs. Barbara A. Anderson and to Miss Barbara A. Anderson were on condition that Dorothy should not attain the age of sixteen years. She having attained that age both of these legacies fail.

The complainant prays that he may be advised whether the fourth paragraph of the will authorizes him to expend the sum of $200 on the burial lots of the testator's family in the North Cemetery in the town of Bristol. Our answer is in the affirmative.

The latter part of the third paragraph of the will provides for legacies to Mrs. Barbara A. Anderson and Miss Barbara A. Anderson in the event of Dorothy's decease before attaining the age of sixteen years. The provision for expending money to improve the burial lot follows immediately thereafter and comprises the fourth paragraph of the will but has no connection with the bequests to Mrs. Barbara A. Anderson and Miss Barbara A. Anderson and is in no way dependent upon a failure of Dorothy to attain the age of sixteen years.

It is to be noted that the testator in the second paragraph of the will devises and bequeaths to Dorothy Barbara Anderson all of his estate remaining after paying his debts, funeral expenses and expenses incurred in settling his estate. The fourth paragraph is as follows: "It is further my will that the sum of ($200.00) two hundred dollars be expended on the burial lots of my family in the North Cemetery, situated in the town of Bristol." The will is loosely and inartificially drawn but the intention of the testator must be gathered from the whole will and that construction adopted which if possible renders the different clauses consistent with each other and gives effect to the whole will. *Bowen* v. *Payton*, 14 R. I. at 260. The testator attached no condition to his direction to expend $200 in improving his family burial lots. It was clearly his intention that this expenditure should be made and no one objects to the expenditure.

- The fifth paragraph is a direction to the executor as to expending the income for the benefit of Dorothy until she

attains the age of sixteen years. The executor is directed to expend the "rest and residue" of the income "for clothing, schooling and incidental expenses, or as he may see fit." For the benefit of whom? The will does not specifically state, but of course the testator intended that the income be expended for the benefit of Dorothy. She was the main object of his bounty. In the beginning of the will he devises and bequeaths to her all of his estate and it should be borne in mind that the executor was Dorothy's father.

Our decision is that the complainant may expend the sum of $200 on the burial lots of the testator's family; that Dorothy Barbara Anderson having attained the age of sixteen years the legacies to Mrs. Barbara A. Anderson and Miss Barbara A. Anderson, respectively, fail; that the house lots on Juniper Hill Lane owned by the testator at the time of his decease be not sold; that by the second paragraph of the will the title to said lots passed to Dorothy Barbara Anderson in fee simple subject to whatever rights any person may have in said lots by virtue of the testator's agreement to sell and his acceptance of a part of the purchase price; that the complainant pay over to the guardian of Dorothy Barbara Anderson any balance in his hands as executor after expending $200 on the burial lots of the testator's family and paying the expenses of administration, and the complainant is advised accordingly.

Counsel may on July 6, 1920 submit decree in accordance with this opinion.

*Frank H. Hammill*, for complainants.

*McGovern & Slattery, Joseph A. Hammill*, for various respondents.